L. H. COHEA *v.* MAYOR AND ALDERMEN OF COFFEEVILLE.

·1. MUNICIPAL CORPORATION.   *Neglect to repair bridge.   When liable.*

Recovery cannot be had of a municipality for injuries caused by the falling of a defective bridge, unless it be shown that the defect was known to the authorities, or was so notorious that it was negligence not to know it.   If the defect was concealed, and not observable by ordinary care and attention, the municipality is not liable.

2. SAME.   *Contributory negligence.   Knowledge of danger.*

If, in such case, the plaintiff, knowing the bridge to be unsafe, ventures upon it without apparent necessity, and is injured, he is guilty of such contributory negligence as will bar a recovery.

FROM the circuit court of the first district of Yalobusha county.

HON. JAMES T. FANT, Judge.

Appellant, Cohea, brought this action against the town of Coffeeville to recover damages for injuries sustained by him while crossing a short bridge or trestle in one of the streets of the town.   He was in his wagon, crossing the bridge, when a cap-sill of the bridge gave way, causing one side to sink, and frightening the team, so that they suddenly started, and threw plaintiff from the wagon and between the wheels, whereby he was severely hurt, and has sustained injuries alleged to be permanent.

There was evidence to show that it was not necessary, in crossing the little stream, for plaintiff to have gone upon the bridge, as the street, by the side of the bridge and leading under it, was safe, and much used, especially by those who wished, in crossing, to water their teams.   Plaintiff himself had crossed in this manner.   He also testified that he knew that the bridge was in a dangerous condition, and had once reported the fact to an alderman of the town.

The testimony of the defendant tended to show that the town authorities did not know that the bridge was unsafe, and that the decay in the sill was what the witnesses term "dry rot," a kind of decay not readily observable. But this is denied by plaintiff.

The instructions given for the plaintiff announced that it was the duty of .the town to keep the bridge in repair, and that it was liable for the injury, if the corporate authorities neglected this duty, and permitted the bridge to remain in an unsafe condition, whereby plaintiff was injured without fault on his part.

For the defendant, the court gave the following instructions:

"1. The plaintiff must prove to the satisfaction of the jury that the defect in the trestle was known to the board of mayor and aldermen, or so notorious that it was negligence in them not to know it; and if the jury believe from the evidence that the defect in the timber was so hidden or concealed as not to be observable by ordinary care and attention, they will find for the defendant, even though plaintiff was hurt.

"2. If the jury believe from the evidence that the plaintiff knew that the trestle-work or bridge was in a dangerous and unsafe condition, and yet undertook to drive over it with his wagon without apparent necessity, he is guilty of contributory negligence, and cannot recover, no matter what injuries he may have sustained."

Verdict and judgment for defendant. Motion for new trial overruled, and plaintiff appeals.

*W. A. Roane,* for appellant.

1. Knowledge of the danger, while it laid plaintiff under the necessity of using greater care, does not absolutely prevent a recovery. 9 Am. & Eng. Enc. L., 398. The second instruction was upon the weight of evidence. Contributory negligence is a matter for the jury. 12 Allen, 85; 11 Gray,

157; 97 Mass., 273; 104 *Ib.*, 84; 56 Pa. St., 204; 76 N. Y., 329; 30 Wis., 392; 40 Iowa, 638; 28 Kan., 745; 2 Am. & Eng. Corp. Cas., 676. Going upon a bridge, knowing it is dangerous, is not necessarily negligence. 33 Kans., 485; 7 Am. & Eng. Corp: Cas., 86; 8 *Ib.*, 583; 51 N. Y. (Sup. Ct.), 36. .

2. The first instruction does not go far enough. If, in point of fact, the authorities did not know of the defects when, by ordinary care, they could and would have been known, the town would be liable. 13 Pick., 94. Notice may be imputed when a bridge has been out of repair for a long time. 104 N. Y., 459; 66 Iowa, 427. The town could not be relieved by the mere fact that, to those going over the bridge, the defect was not noticeable. It was defendant's duty to inspect. The instruction ignores this duty.

*R. H. Golladay*, for appellee.

As plaintiff knew the dangerous condition of the bridge when he drove upon it, he is guilty of contributory negligence, and cannot recover. 2 Dillon, Mun. Corp., § 1007.

The defect must be actually known, or be so notorious as to be observable by all. 45 N. Y., 129; 24 Wis., 549; 4 Wall., 195; 2 Dill., Mun. Corp., §§ 1024–1026; 1 Black, 52.

WOODS, J., delivered the opinion of the court.

The action of the trial court, in giving the two instructions asked by the defendant below, is assigned for error.

The first instruction is brief, simple and correct. It concedes the liability of the town if its officers had notice of the defect in the bridge, or if the defect was notorious, or if the defect was in the timber of the bridge, and was observable by the use of ordinary care and attention. It is impossible to see how the statement could be well improved, in view of the purpose of the charge. With great brevity and plainness and fairness, this charge submitted the law of the case on the defendant's theory, and wisely went no word further.

The second instruction given for the town submits, with equal brevity and perspicuity, the law applicable on the plaintiff's theory, and on his own testimony. The jury was told, with refreshing conciseness and clearness, that the attempt to cross a known dangerous bridge, without apparent necessity, would prevent a recovery if injury befell the plaintiff in the attempt. The evidence warranted the giving of this instruction, and it states the law with as much fairness as precision.

We find no reversible error anywhere in the transcript, and the judgment is

*Affirmed.*